IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TINA CRITTENDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR HILL, individually and in his official capacity as Sheriff of Clayton County, Georgia; CLAYTON COUNTY SHERIFF'S OFFICE; CLAYTON COUNTY, GEORGIA; ERIC HEIN, individually and in his official capacity as Deputy Sheriff of Clayton County, Georgia,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:10-cv-02091-TWT-GGB |

## **NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the court for a frivolity determination with regard to plaintiff's complaint. See 28 U.S.C. § 1915(e)(2).

**I.   Procedural History**

On July 6, 2010, plaintiff, proceeding without counsel, filed with the court a proposed complaint for injunctive relief, declaratory judgment and damages, and an affidavit in support of her request to proceed *in forma pauperis* ("IFP"). (Doc. 1). On August 4, 2010, I issued an order granting in part and denying in part plaintiff's request to proceed IFP. (Doc. 4). The order permitted plaintiff to pay the filing fee in

installments, and directed the clerk of the court to submit this matter to me for a frivolity determination after plaintiff's payment of the first installment.

The complaint alleges that plaintiff's former employer, Clayton County, Georgia, and the sheriff, Victor Hill, and deputy sheriff, Eric Hein, transferred, discriminated against, and unlawfully terminated plaintiff, on the basis of gender, in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

## II. Frivolity Determination

A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 327 (1989), or "if the 'plaintiff's realistic chances of ultimate success are slight,'" Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990)(quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)). In screening for frivolousness, the court determines first "whether the case is based on a recognized legal theory, and second, [makes] an initial assessment of the movant's factual allegations in light of what movant must eventually prove at trial if movant is to recover on that theory. The court may not construct arguments or legal theories for the plaintiff, but the plaintiff's complaint is to be construed liberally when, as here, the plaintiff is *pro se*." Donohoe v. Food Lion Stores, Inc., 253 F. Supp. 2d

1319, 1322 (N.D. Ga. 2003) (quoting Johnson v. City of Port Arthur, 892 F. Supp. 835, 839 (E.D. Tex. 1995)). The court weighs the alleged facts in Plaintiff's favor, and accepts them as true, unless they "rise to the level of the irrational or the wholly incredible." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). "An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." Id. If the facts, as alleged, are not clearly baseless and, if proven, "they would support a recognized theory of recovery, plaintiff must be given an opportunity to commence the action, irrespective of costs." Donohoe, 253 F. Supp. 2d at 1322-23 (quoting Johnson, 892 F. Supp. at 840-41 (internal citations omitted)).

To the extent plaintiff intended to bring a gender discrimination claim under Title VII, her chance of success is slight, at best. Plaintiff's complaint contains multiple allegations concerning false comments and writings allegedly made by former Deputy Sheriff Hein. However, other than a few broad, conclusory allegations concerning Sheriff Hill's alleged pattern of discriminating against women in the workforce who have "strong personalities such as me" (Compl. ¶ 19), and Hill's purported "history of having issues when women stand up to him" (id. ¶ 56), there are no factual allegations to support a claim that plaintiff was retaliated against or

3

discharged because of her sex.  See 42 U.S.C. § 2000e-2(a)(1).  Although plaintiff contends that she was unlawfully terminated, her complaint does not state when she was terminated or who terminated her; nor does the complaint contain any factual allegations describing the circumstances of her termination.  Title VII prohibits termination from employment *only if* the employer was motivated, at least in part, by a protected characteristic of the employee.  Federal law does not prohibit discharge for other unfair reasons.  See, e.g., Nix v. WLCY Radio/Rahall Commc'n, 738 F.2d 1181, 1187 (11th Cir. 1984)("The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.").

Moreover, as a prerequisite to bringing suit under Title VII, a charge of discrimination must first be filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the date of the act giving rise to the charge.  Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 448 (11th Cir. 1993); see also 42 U.S.C. § 2000e-5(e).  The majority of plaintiff's allegations concern events which took place in 2008.  Plaintiff's complaint does not indicate that an EEOC charge was ever filed.  Plaintiff's facts, as alleged, similarly fail to support a plausible claim for relief under Section 1983.

4

In addition, plaintiff's complaint is in the impermissible "shotgun pleadings" format, which sets forth a series of general allegations and then applies all of the allegations to every claim, regardless of whether a particular allegation is relevant to that claim. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001)(referring to Rule 10(b)'s requirement that discrete claims should be pleaded in separate counts). Plaintiff provides no description of what conduct in the incorporated paragraphs constitutes the conduct supporting the cause of action, making it impossible to determine the factual basis for each claim. See Corbitt v. Home Depot U.S.A., Inc., 573 F.3d 1223, 1253 (11th Cir. 2009). The complaint also fails to align specific conduct with each claim and defendant. The Eleventh Circuit has instructed courts to *sua sponte* strike a pleading that falls within this category if the defendant fails to request a repleader. See Fed. R. Civ. P. 12(e); see also Davis, 516 F.3d at 984; Magluta, 256 F.3d at 1284-85.

For these reasons, I find that plaintiff's complaint is frivolous and **RECOMMEND** that it be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), but that plaintiff be granted a reasonable opportunity to file an amended complaint in compliance with Rules 8, 10 and 11 of the Federal Rules of Civil Procedure (and this court's Local Rules, which are available on the court's

website at http://www.gand.circ11.dcn/pdf/NDGARulesCV.pdf), describing succinctly her allegations of particular conduct by a particular defendant in connection with each cause of action, specifying (1) which defendant or defendants each cause of action is asserted against; (2) what factual allegations form the basis of each claim against each defendant; (3) each legal theory upon which she asserts liability against each defendant; and (4) what adverse employment action or actions plaintiff claims she has suffered, when the action or actions occurred, and what defendant or defendants were involved. Upon filing of an amended complaint, the matter may be referred back to me for another frivolity determination in light of any new allegations that plaintiff may assert.

**IT IS SO RECOMMENDED**, this 8th day of November, 2010.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE